USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: SEP 2 9 2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Jose A. DeJesus,

            Plaintiff,

–v–

Commissioner of Social Security,

            Defendant.

---

13-cv-2251 (AJN) (HBP)

ORDER

ALISON J. NATHAN, District Judge:

    Plaintiff Jose A. DeJesus brings this action seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") regarding his February 9, 2011, application for supplemental security income ("SSI") benefits. That decision found that Plaintiff was disabled on February 1, 2011, but that his disability ended due to medical improvement on February 9, 2012. *See* R. 38.

    Plaintiff moves for judgment on the pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, requesting that the decision of the Commissioner be reversed and remanded for further proceedings. Dkt. No. 19. The Commissioner cross-moves, seeking affirmance of their decision. Dkt. No. 24. On August 6, 2014, the Honorable Henry B. Pitman, Untied States Magistrate Judge, issued a report and recommendation ("R&R") recommending that the Court grant the motion of the Plaintiff, deny the motion of the Commissioner, and remand the for further proceedings. Dkt. No. 27. Before the Court are the Commissioner's timely objections to the R&R. Dkt. No. 29.

    This order assumes familiarity with the facts of the case, which are laid on in detail in the R & R. Unless otherwise noted, they are incorporated by reference herein. Having reviewed *de*

1

*novo* the Administrative Record, the R&R, and the Commissioner's Objections, the Court adopts the R&R,[1] and remands the case for further administrative proceedings.

**I.     Standard of Review**

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party properly objects to the magistrate's proposed findings and recommendations, a district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*

In order to merit de novo review, a party's objections must be specific rather than conclusory or general. *See Watson v. Geithner*, No. 11-cv-9527 (AJN) (HBP), 2013 WL 5441748, at *2 (S.D.N.Y. Sept. 27, 2013) (citing Fed. R. Civ. P. 72(b)(2)). The objections must, furthermore, have been raised before the magistrate judge, for "a party waives any arguments *not* presented to the magistrate judge." *Id.* (citing *Tarafa v. Artus*, No. 10-cv-3879 (AJN) (HBP), 2013 WL 3789089, at *2 (S.D.N.Y. July 18, 2013)). While courts in this district sometimes state that objections that "simply reiterate[] the original arguments" merit only clear error review, *see, e.g., Jones v. Astrue*, No. 09-cv-5577 (DAB), 2012 WL 4473258, at *1 (S.D.N.Y. Sept. 28, 2012), this rule lacks support in either 28 U.S.C. § 636(b)(1)(C) or Rule 72(b)(2), and is, moreover, at odds with the rule regarding waiver, *see Watson*, 2013 WL 5441748, at *2.

In this case, the Commissioner objects to the Magistrate Judge's findings that (1) "the Administrative Law Judge ("ALJ") committed reversible error by not requesting an updated functional capacity assessment from Plaintiff's treating physician during the period where the ALJ found that medial improvement occurred," and (2) "the ALJ's deficient development of the

---

[1] The Court has found no clear error in the portions of the R&R to which no objections have been made.

2

record from November 2011 onward prevented the Magistrate Judge from determining whether the ALJ's credibility determination, which relied in part on the absence of objective medical evidence, was supported by substantial evidence." Dkt. No. 29, at 1. Because these objections are specific and were raised before the Magistrate Judge, the Court reviews the objected-to portions of the R&R de novo.

### I.   Discussion

#### A.   Standard of Review

When reviewing a decision of the Commissioner, a court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision . . . , with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The reviewing court "is limited to determining whether the [Commissioner's] conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013). "When there are gaps in the administrative record or the ALJ has applied an improper legal standard," remand to the Commissioner for further development of the evidence may be appropriate. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

#### B.   Development of the Record

The Court first addresses the Commissioner's objection that, contrary to the conclusion of the R&R, the ALJ adequately developed the record. *See* Dkt. No. 29, 1. In the R&R, the Magistrate Judge agreed with Plaintiff's argument that the ALJ committed legal error by concluding that Plaintiff's disability ended due to medical improvement on February 9, 2012, without "taking reasonable efforts to secure an updated report from Dr. Ashraf," Plaintiff's treating physician, for the period of Plaintiff's alleged medical improvement. R&R 29. For the

3

reasons that follow, the Commissioner's objection is rejected and the Court directs that the case be remanded for further development of the record.

### 1. Legal Standard

A social security ALJ has an affirmative duty to "develop the record in light of the essentially non-adversarial nature of a benefits proceeding.'" *Rolon v. Commissioner of Soc. Sec.*, 994 F. Supp. 2d 496, 504 (S.D.N.Y. 2014) (quoting *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009)). Thus, "where there are deficiencies in the record, an ALJ is under an affirmative obligation to develop a claimant's medical history." *Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999). Where, as here, a plaintiff appears *pro se*,[2] the duty is further "heightened," and the ALJ must "ensure[] that all of the relevant facts are sufficiently developed and considered and . . . scrupulously and conscientiously prob[e] into, inquir[e] of, and explor[e] for all of the relevant facts." *Moran*, 569 F.3d at 113 (quotation marks omitted). However, "where there are no obvious gaps in the administrative record, and where the ALJ already possesses a complete medical history, the ALJ is under no obligation to seek additional information in advance of rejecting a benefits claim." *Rosa*, 168 F.3d at 79 n.5 (citations and quotation marks omitted). Failure to adequately develop the record constitutes legal error justifying remand. *See Rolon*, 994 F. Supp. 2d at 504.

### 2. Decision of ALJ

In this case, the ALJ concluded that Plaintiff was disabled at the time of his February 2011 application, but that his disability ended in November 2011, due to medical improvement. R.35. In order to ensure that Plaintiff received twelve months of benefits, payable from the time

---

[2] Although Plaintiff was represented during this proceeding, he appeared and testified *pro se* before the ALJ. *See* R.3.

of his February 2011 application, the ALJ deemed that Plaintiff's disability ended on February 10, 2012. *See* R.35.

Under the Social Security Act, an individual who is disabled and entitled to disability benefits may have his benefits terminated "if there is substantial evidence that the impairment has improved to such an extent that he is now able to work." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002). In order to "'determin[e] whether medical improvement has occurred,' the SSA must compare 'the current medical severity of th[e] impairment[] . . . to the medical severity of that impairment[] at th[e] time' of the most recent favorable medical decision" finding the claimant to be disabled. *Id.* at 586-87 (quoting 20 C.F.R. § 404.1594(b)(7)). The ALJ accordingly divided the medical evidence in this case into two periods. First, he considered evidence of Plaintiff's disability predating November 2011, and found that Plaintiff had been disabled for purposes of the Social Security Act during that period. *See* R.32-34. Second, he considered evidence of Plaintiff's disability from November 2011 onward, and found that Plaintiff's disability had ended due to medical improvement. *See* R.35-37.

In conducting this latter inquiry, the ALJ expressly considered the following pieces of medical evidence: (1) a November 15, 2011, examination of Plaintiff at Bellevue Hospital Center, at which it was determined that Plaintiff did not require a pacemaker due to improvement in his condition, R.35; (2) the January 1, 2012, report of Dr. Gerald Galst, an impartial medical expert who reviewed Plaintiff's records and responded to interrogatories by the ALJ, who found that Plaintiff's "condition has improved substantially" to the point that Plaintiff was no longer disabled, R. 35, 414; (3) a January 12, 2012, letter concerning a "right eye retinal vein occlusion," *See* R. 35. The ALJ did *not* consider any of the evidence produced by Plaintiff's treating physician Dr. Samina Ashraf, which predated November 2011, and which provided

5

evidence of disability, *see* R. 34 (finding that Dr. Ashraf's opinion was "well supported, *at least at the time that it was written*") (emphasis added), nor did he make any effort to obtain an updated report from Dr. Ashraf addressing the relevant time period. The ALJ also did not consider or attempt to obtain a report from any examining physician. *See* R.35-37. Ultimately, the ALJ concluded that the above-described evidence demonstrated that Plaintiff's disability had ended due to medical improvement, emphasizing that "there [was] no medical evidence following" November 2011 supporting Plaintiff's claim of disability. R.36.

### 3. Discussion

Upon de novo review of the record, the Court finds that the ALJ committed legal error by failing to fully develop the record, particularly with respect to the period of Plaintiff's alleged medical improvement. The bulk of the medical evidence in the record before the ALJ—including the opinions of treating physician Dr. Ashraf and examining physician Dr. Joshi—predated November 2011, *see* R.398-403, 356-59, and was thus excluded from the ALJ's assessment of whether Plaintiff's disability had ended due to medical improvement, *see* R.36 (indicating that the ALJ considered only post-November 2011 evidence in determining whether Plaintiff had experienced medical improvement). Accordingly, the only pieces of relevant evidence before the ALJ when he determined that Plaintiff's disability had ended in November 2011 were (1) the report of non-examining physician Dr. Galst, (2) the treatments notes from Plaintiff's November 15, 2011, examination at Bellevue, and (3) a January 12, 2012, letter concerning a "right eye retinal vein occlusion." *See* R.35-36. By rendering his decision on the basis of this limited factual record without making any effort to obtain additional medical evidence or otherwise inform Plaintiff of the significance of the absent medical evidence, *see* R.1-22 (hearing transcript), the ALJ failed in his duty to "scrupulously and conscientiously

prob[e] into, inquir[e] of, and explor[e] for all of the relevant facts." *Moran*, 569 F.3d at 113. This failure constitutes legal error and requires that the case be remanded for further development of the record. *See Rolon*, 994 F. Supp. 2d at 504.

The Court is not persuaded that remand is unnecessary by the Commissioner's reliance upon the evidence added to the record at the Appeals Council stage of the proceedings, which it characterizes as "consistent with the evidence of medical improvement that the ALJ considered." Dkt. No. 29, at 5. While some of this evidence appears to support the ALJ's conclusion that Plaintiff had experienced a medical improvement, *see, e.g.,* R.427 (notes from treating physician indicating that Plaintiff "feels better now – no hip pain, chest pain resolved"), other documents appear consistent with continued disability, *see, e.g.,* R.451 (cardiologist note indicating that Plaintiff was "limited to 5 blocks" and has primary diagnoses of acute on systolic heart failure, diabetes mellitus, benign essential hypertension). This supplemental evidence is not so favorable to the Commissioner's position as to indicate that "application of the correct legal standard could lead to only one conclusion," *Zabala v. Astrue*, 595 F.3d 402, 409 (2d Cir. 2010), and the Court therefore concludes that remand is necessary to resolve the question of whether Plaintiff remained disabled after November 2011.

### C. Credibility Determination

The Court turns to the Commissioner's objection to the portion of the R&R addressing the ALJ's negative determination of Plaintiff's credibility. R&R 35-38. In particular, the Commissioner objects that substantial evidence supports the ALJ's determination that Plaintiff's testimony regarding the severity of his impairments following November 2011 was not credible. *See* Dkt. No. 29, at 8. For the reasons that follow, this objection is rejected as well.

Upon de novo review, the Court finds that the ALJ applied the correct two-step legal standard in analyzing the credibility Plaintiff's testimony. *See Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) (citing 20 C.F.R. § 404.1529(b)). First, the ALJ properly considered whether Plaintiff suffered from "medically determinable impairments [that] could reasonably be expected to produce the alleged symptoms." R.36. After answering this first question in the affirmative, the ALJ correctly proceeded to the second step of the inquiry and considered "the extent to which [Plaintiff's] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence of record." *Genier*, 606 F.3d at 49 (internal quotation mark omitted); *see* R.36-37.

However, in conducting this step-two analysis, the ALJ relied upon the absence of any "medical evidence following [November 2011] which shows that his conditions remains [sic] as disabling as he testifies." R.36. That is, the ALJ's credibility determination was based upon the evidence in the record before him, which, as previously discussed, was insufficiently developed. On remand the ALJ should reevaluate the credibility of Plaintiff's testimony in light of the newly developed record.

## II.     Conclusion

For the foregoing reasons, the R&R is adopted in its entirety, and the matter is remanded to the commissioner for further administrative proceedings consistent with this Order. The Clerk of Court is directed to enter judgment and terminate the case. This resolves Dkt. Nos. 19, 24.

SO ORDERED.

Dated: September ___, 2014
       New York, New York

_____
ALISON J. NATHAN
United States District Judge